UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADS CLUB, INC., | Case No. 05-CV-1717-J (JMA) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS** |
| v. | |
| LINDA PETERSON, et al., | **[Doc. No. 59]** |
| Defendants. | |

This matter comes before the Court on a Motion for Sanctions Against Plaintiff Leads Club, Inc. and Plaintiff's Counsel, James Bentson, brought by Defendants Linda Peterson and Victoria Taus ("Defendants") pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.  Plaintiff did not file an opposition.  The motion was referred to the undersigned for disposition on March 16, 2007.  The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1 d.1. For the following reasons, the Court **GRANTS** Defendants' motion for sanctions **IN PART**.

//

**I.   BACKGROUND**

On August 30, 2006, the Court issued a Notice and Order for Early Neutral Evaluation ("ENE") Conference to be held on September 28, 2006 at 10:00 a.m.  See Aug. 30, 2006 Order, Doc. No. 57.  On the morning of the scheduled conference, the undersigned's chambers received a telephone call from Lisa Chapman, Esq., counsel for Defendants, to advise that she and her clients, who were flying in from out of town to attend the conference, would be late for the conference because of the temporary closure of the airport in San Diego due to fog.  The undersigned's chambers called the office of Plaintiff's counsel, Mr. Bentson, to advise counsel to appear at 10:30 a.m., rather than 10:00 a.m., for the scheduled conference.

Mr. Bentson did not appear for the conference until after 11:30 a.m., and he did not have a client representative with him, as required by the Court's ENE Conference Order.  See Aug. 30, 2006 Order.  Mr. Bentson reported to the Court that he thought he had been substituted out of the case, and thus did not have the scheduled conference on his calendar and had not contacted his client representative regarding her appearance for the conference.  In short, Mr. Bentson was fully unprepared to discuss the case.

Defendants' counsel, Lisa Chapman, Esq., and Defendants Peterson and Taus are located in Northern California, and flew from there to San Diego to attend the ENE Conference.  Chapman Decl. at ¶ 2.  Ms. Chapman and her clients missed their flight back to Northern California, due to Mr. Bentson's tardiness at the conference, and had to wait at the airport for 2 1/2 hours.

Id. at ¶ 6.  Defendants now seek monetary sanctions against Plaintiff and Mr. Bentson in the amount of $4,422.00 as compensation for the reasonable cost of attending the ENE Conference, based on the following fees and expenses:

| | |
|---|---:|
| Attorney's fees<br>(10.5 hours x $360 per hour) | $3,780.00 |
| Airplane tickets<br>(3 x $198.00 each) | 594.00 |
| Airport parking | 30.00 |
| Ground transportation in San Diego | 18.00 |

Id. at ¶ 7.

**II.  LEGAL STANDARDS**

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f).

Pursuant to the Court's Civil Local Rules concerning motion practice,

> Waiver:  If an opposing party fails to file [opposition papers], that failure may constitute a consent to the granting of a motion or other request for ruling by the court.

Civ. L. R. 7.1 f.3.c.

**III. DISCUSSION**

As an initial matter, Defendants' motion can be granted on

the basis of Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1 f.3.c. <u>See</u> <u>also</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where the record indicates that the plaintiff received notice of the motion and had ample time to respond). Defendants' motion was set for hearing on November 27, 2006, and thus Plaintiff's opposition was due by no later than November 13, 2006 under Civil Local Rule 7.1 e.2. Plaintiff neither filed an opposition nor requested additional time in which to do so. Moreover, there is no evidence indicating that Defendants' moving papers failed to reach the address designated for Plaintiff's counsel in Defendants' Proof of Service.

Furthermore, Rule 16(f) dictates that Defendants' motion for sanctions be granted against Plaintiff's counsel in this case. Although Mr. Bentson eventually appeared for the ENE Conference, he was clearly "substantially unprepared to participate in the conference." <u>See</u> Fed. R. Civ. P. 16(f). Mr. Bentson's explanation that he thought he had been substituted out of the case is not enough to persuade the Court that sanctions against him are not justified. Under Civil Local Rule 83.3 g.2.,

> Substitutions. When an attorney of record for any person ceases to act for a party, such party shall appear in person or appoint another attorney by a written substitution of attorney signed by the party, the attorney ceasing to act, and the newly appointed attorney, or by a written designation filed in the case and served upon the attorney ceasing to act, unless said attorney is deceased, in which event the designation of a new attorney shall so state. **Until such substitution is approved by the court, the authority of the attorney of record shall continue for all proper purposes.**

1  Civ. L. R. 83.3 q.2. (emphasis added).  To this day, Mr. Bentson
2  has not been substituted out of the case, and remains listed as
3  counsel of record for Plaintiff.  As such, he was responsible for
4  properly appearing at the ENE Conference, and even now bears
5  responsibility for managing this case.
6       Therefore, the Court finds the issuance of sanctions,
7  comprised of the fees and expenses incurred by Defendants in
8  connection with their appearance at the ENE Conference, to be
9  warranted against Mr. Bentson.  The Court does not find it
10 appropriate to impose sanctions against Plaintiff itself.  The
11 Court accordingly **GRANTS** Defendants' motion for sanctions **IN**
12 **PART**.
13 **IV.  CONCLUSION**
14      Based on the foregoing, Defendants' motion for sanctions is
15 **GRANTED**.  The Court awards Defendants and their attorney of
16 record the sum of $4,422.00 as sanctions for Plaintiff's
17 counsel's failure to properly appear for the ENE Conference on
18 September 28, 2006.  Mr. Bentson shall pay this amount directly
19 to counsel for Defendants on or before April 25, 2007.
20      **IT IS SO ORDERED.**
21 DATED:  March 26, 2007

                                        _____
                                        Jan M. Adler
                                        U.S. Magistrate Judge