UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADS CLUB, INC., | Case No. 05-CV-1717-J (JMA) |
| Plaintiff, | **ORDER RECOMMENDING ORDER TO SHOW CAUSE RE DISMISSAL** |
| v. | |
| LINDA PETERSON, et al., | |
| Defendants. | |

On January 24, 2007, this Court issued an Order to Show Cause ("OSC") Why Sanctions Should Not Be Imposed upon Plaintiff's counsel, James Bentson, Esq. Doc. No. 67. The hearing on the OSC was scheduled for March 19, 2007 at 2:00 p.m., but was not held as Mr. Bentson failed to appear for the hearing.

For the reasons set forth below, this Court **RECOMMENDS** that the Honorable Napoleon A. Jones, Jr. set an OSC Re Dismissal for Plaintiff Leads Club Inc.'s failure to appear at scheduling and pretrial conferences under Rule 16(f) of the Federal Rules of Civil Procedure, and/or for failure to prosecute this action under Civil Local Rule 41.1.

## I. BACKGROUND

The Court scheduled an Early Neutral Evaluation ("ENE") Conference to be held on September 28, 2006. Mr. Bentson was extremely tardy for the conference and did not have a client representative with him, as required by previous order of the Court. See Aug. 30, 2006 & Oct. 13, 2006 Orders. During the conference, Mr. Bentson advised the Court that he thought he had been substituted out of the case, but that he would check with his client about moving forward with the case. See Oct. 13, 2006 Order.

On December 6, 2006, the Court attempted to convene a telephonic Case Management Conference, but was unable to do so as Mr. Bentson was not available at the time of the conference call, and counsel for Defendants advised that she had not received the Court's October 13, 2006 Order scheduling the conference. See Dec. 6, 2006 Order.

On December 19, 2006 and January 23, 2007, the Court again attempted to convene telephonic Case Management Conferences. Each time, the Court was again unable to do so due to Mr. Bentson's unavailability. Defendants' counsel was available for each of the conference calls.

On January 24, 2007, this Court issued an Order to Show Cause Why Sanctions Should Not Be Imposed. The Order directed Mr. Bentson to submit a declaration to the Court on or before March 12, 2007. Mr. Bentson did not do so. Mr. Bentson also failed to appear at the hearing on the OSC on March 19, 2007. Counsel for Defendants filed a Brief in Support of Issuance of Terminating Sanctions Against Plaintiff Leads Club, Inc. on March

9, 2007.  Doc. No. 68.

**II.   LEGAL STANDARDS**

Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f).  Rule 37(b)(2) permits the Court to issue the following sanction orders:

> (B)   An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C)   An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D)   In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders . . . .

Fed. R. Civ. P. 37(b)(2)(B)-(D).

Civil Local Rule 41.1 provides:

> Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar for that purpose by the clerk.  Such a dismissal shall be without prejudice, unless otherwise ordered.

05cv1717

Civ. L. R. 41.1.a.[1]

## III. DISCUSSION

Mr. Bentson has repeatedly failed to comply with the Court's orders. He failed to timely appear for the ENE Conference on September 28, 2006, was unprepared, and failed to bring his client(s). He failed to appear for telephonic Case Management Conferences on December 6, 2006, December 19, 2006, and January 23, 2007. He did not submit a declaration, as ordered, relating to the OSC, and failed to appear for the hearing on the OSC on March 29, 2007.

Additionally, Plaintiff and its counsel have failed to prosecute this action. Plaintiff's last attempted participation in this case occurred nearly six months ago, on September 28, 2006, when Mr. Bentson arrived, albeit late and unprepared, for the ENE Conference. Arguably, Plaintiff has done nothing to prosecute this matter since even before that date. The last item on the Court's docket from Plaintiff appears to be a letter to the Court dated November 10, 2005 (i.e., over one year ago) regarding oral argument on motions that were pending at that

---

[1] Additionally, pursuant to the Rule 41(b) of the Federal Rules of Civil Procedure,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, *a defendant may move for dismissal* of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b) (emphasis added). Although Defendants submitted a brief seeking the issuance of terminating sanctions against Plaintiff, the Court does not construe the brief as a *motion* for dismissal; rather, the brief was submitted in connection with the OSC set by the Court.

time.  Doc. No. 53.  Mr. Bentson has not attempted to withdraw as counsel of record for Plaintiff, nor has Plaintiff attempted to file a substitution of attorney.  According to Defendants, Plaintiff has made no attempt to coordinate a Rule 26(f) conference regarding discovery, or to take any discovery in this action.  Defs.' Br. [Doc. No. 68] at 2.  Finally, the Court observes that Plaintiff did not oppose a motion for sanctions filed by Defendants on October 10, 2006.

## IV. CONCLUSION

Based on the foregoing, this Court **RECOMMENDS** that Judge Jones set an Order to Show Cause Re Dismissal for Plaintiff's failure to appear at scheduling and pretrial conferences under Rule 16(f) of the Federal Rules of Civil Procedure, and/or for failure to prosecute this action under Civil Local Rule 41.1.

**IT IS SO ORDERED.**

DATED:  March 26, 2007

_____
Jan M. Adler
U.S. Magistrate Judge