**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEADS CLUB, INC.<br><br>   Plaintiff,<br><br>v.<br><br>PETERSON, ET AL.<br><br>   Defendants. | Civil Case No. 05cv1717-J (JMA)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING THE MOTION FOR ORDER DIRECTING ISSUANCE OF JUDGMENT [DOC. NO. 74];**<br><br>**(3) FINDING MR. BENTSON IN CONTEMPT; AND**<br><br>**(4) ENTERING JUDGMENT IN FAVOR OF DEFENDANTS AGAINST MR. BENTSON.** |

Before the Court is Defendants Linda Peterson, Victoria Taus and Leads Pace ("Defendants") Motion for Order Directing the Issuance of Judgment. (Def. Req. for Order Directing the Issuance of Judg.) Magistrate Judge Jan M. Adler has issued a Report and Recommendation ("R&R") recommending that the Court: (1) find Plaintiff's counsel James Bentson in contempt of court for violating court orders; (2) modify the judgment entered in this case on August 16, 2007 [doc. no. 76] to include the monetary sanctions against Mr. Bentson, or enter a judgment based on the sanctions order; and (3) report the (a) sanctions and (b) finding of contempt to the California State Bar Association. Mr. Bentson has not submitted objections to

the R&R. For the reasons set forth below, this Court **ADOPTS** the R&R, **GRANTS** the Motion for Order Directing Issuance of Judgment, **FINDS** Mr. Bentson in contempt, and **ENTERS JUDGMENT** for the Defendants against Mr. Bentson in the amount of $4422.00.

### *Factual Background*

The above-captioned action commenced on August 29, 2005 in the Superior Court of the State of California and was removed to this Court pursuant to 28 U.S.C. §1441(b). [Doc. No. 1.] Plaintiff is a "networking organization whose primary purpose is to provide an opportunity ... for business owners, professionals, sales people and managers seeking to begin or expand a business to get referrals to other professionals within the community." (Compl. at 2.) Defendants entered into contracts with Plaintiff to serve as its executive directors. (*See* Def. Mot. to Dismiss at 1.)

In August of 2005, Defendants resigned from their positions as executive directors for Plaintiff. (*See* Compl. at 4-5.) Upon resignation, Defendant Taus began to organize Defendant Leads Pace, a small business networking operation. (*See* Def.'s Supp. Mot. to Dismiss at 1.) Plaintiff filed suit against Defendants alleging breach of contractual duties, defamation, breach of fiduciary duties, unfair competition and various related causes of action. (*See* Compl. at 9-38.)

### *Procedural Background*

On August 30, 2006, Judge Adler issued a Notice and Order for Early Neutral Evaluation Conference ("the Conference") to be held on September 28, 2006 at 10:00 a.m. [*See* Doc. No. 57.] On the day of the Conference, Mr. Bentson arrived over an hour late without his client and fully unprepared to discuss his case. [Doc. No. 71.] Mr. Bentson's tardiness to the Conference caused Defendants and their counsel to miss their return flight to Northern California. (*Id*. at 2.) As a result, they had to wait in the airport for two-and-a-half hours. (*Id*.) During the Conference, Mr. Bentson advised Judge Adler that he thought he had been substituted out of the case, but that he would confirm the status of the case and his representation with his client . [*See* Doc. No. 61 at 2.] Judge Adler never received information from Plaintiff's counsel of a substitution or of Plaintiff's interest in pursuing the claims alleged in the complaint. (*See* Order Recommending Order to Show Cause Re: Dismissal at 4-5.)

On October 10, 2006, Defendants submitted a Motion for Sanctions against the Plaintiff Leads Club, Inc. and Mr. Bentson for costs incurred from attending the Conference. (*See* Def. Mot. for Sanctions.) On January 24, 2007, Judge Adler issued an Order to Show Cause Why Sanctions Should Not be Imposed for Mr. Bentson's failure to comply with court orders. [Doc. No. 67 at 2.] In the Order, Judge Adler directed Mr. Bentson to appear at a hearing on March 19, 2007 and to submit a declaration explaining his failure to comply on or before March 12, 2007. (*Id.*) Mr. Bentson failed to appear at the hearing and failed to submit a declaration. (*Id.*)

As a result, on March 26, 2007, Judge Adler issued an Order Granting in Part Defendants' Motion for Sanctions against Mr. Bentson in the amount of $4422.00 to be paid by April 25, 2007. [Doc. No. 71 at 5.]  The sanctions were comprised of the attorney and transportation expenses incurred by Defendants in connection with their appearance at the Conference. (*See id.* at 3.)

On August 15, 2007, Defendants filed a Request for Order Directing Issuance of Judgment against Mr. Bentson in the amount of $4422.00 so that they may enforce the sanctions order under California's judgments laws. [Doc. No. 74 at 2.] According to Erin M. Adrian, counsel for Defendants, Mr. Bentson failed to pay the sanctions by April 25, 2007, and had not paid the sanctions as of August 14, 2007. (*Id.* at 3.) Ms. Adrian wrote to Mr. Bentson on June 7, 2007 and demanded that he pay the sanctions ordered by Judge Alder. Ms. Adrian received no response to her letter. (*Id.* at 3.)

On August 16, 2007, the Court entered a Judgment and Dismissal by Court Under Local Civil Rule 41.1 for Want of Prosecution. [*See* Doc. No. 76.]  Under Rule 41.1(a), the court may dismiss an action for want of prosecution that has been pending for more than six months without proceeding or discovery. S.D. Cal. Civ. R. 41.1(a).

On September 17, 2007, Judge Adler issued an Order to Show Cause Why a Finding of Contempt Should Not be Recommended to the District Judge. In the Order, Judge Adler directed Mr. Bentson to appear at a hearing on October 1, 2007 and to submit a declaration explaining his failure to pay sanctions by September 26, 2007. [Doc. No. 77 at 2.] Mr. Bentson failed to appear at the hearing, and failed to submit a declaration. Mr. Bentson has not contacted the Magistrate Court to explain his inaction or provided proof that the sanctions have now been paid. (R&R at 2.)

*Legal Standard*

**I. Reviewing a Magistrate Judge's R&R**

The district court's duties in connection with a magistrate judge's R&R are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980). "When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001). "Under such circumstances, the Ninth Circuit has held that 'a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*.'" *Id.* (quoting *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)). Mr. Bentson has not filed objections to the R&R. Accordingly, this Court will only conduct a *de novo* review of conclusions of law.

**II. Finding of Contempt**

Federal courts have both inherent and statutory authority to punish contempt and to coerce compliance with their orders. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 831-32 (1994) ("Courts independently must be vested with power to impose ... submission to their lawful mandates ... Courts thus have embraced an inherent contempt authority necessary to the exercise of all others[.]" (internal citations and quotation marks omitted)); 18 U.S.C. § 401.

Title 18 of United States Code Section 401 authorizes a court to punish contempt of its authority for disobedience or resistance to its lawful order. 18 U.S.C. §401(3). The failure to pay a sanction may constitute a willful violation of a court order. *Perez-Farias v. Global Horizons, Inc.*, No. CV-05-3061-RHW, 2007 U.S. LEXIS 58576, at *28 (E.D. Wash. 2007) (citing *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997), upholding $1.8 million default judgment on basis of failure to attend deposition and failure to pay sanction). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate

willfulness, bad faith, or fault." *Id.* (citation omitted). A clear violation of a court's order to pay sanctions may properly result in a contempt citation. *Adriana Intern. Corp. v. Theoren*, 913 F.2d 1406, 1417 (9th Cir. 1990).

Civil Local Rule 83.1 provides, "Failure of counsel ... to comply with ... any order of the court may be ground for ... any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, ... finding of contempt, [and the] imposition of monetary sanctions[.]" S.D. Cal. Civ. R. 83.1(a).

**II.  Enter Judgment Based on the Sanctions Order**

Under state law, a sanctions order is enforceable in the same way as a money judgment. *See* Cal. Civ. Pro §§ 680.230, 680.270, 699.510; *Newland v. Sup.Ct.*, 40 Cal. App. 4th 608, 615 (Cal. Ct. App. 1995). Accordingly, Defendants seek to enforce the sanctions order against Mr. Bentson under California's judgments laws. (Def. Req. for Order Directing the Issuance of Judg. at 2.]

**III.  Report Finding of Contempt to the State Bar**

Civil Local Rule 83.5 provides when an "attorney engaged in conduct which may warrant discipline ... the court may ... refer the matter to the disciplinary body ... before which the attorney has been admitted to practice." S.D. Cal. Civ. R. 83.5(a) . In addition, California Business and Professions Code directs courts to notify the State Bar Association of a final order of contempt imposed against an attorney that may warrant discipline, and the imposition of judicial sanctions on an attorney.[1] Cal. Bus. Prof. Code 6086.7(a)(1), (3). If the court notifies the State Bar, the court must also alert the attorney of the report. Cal. Bus. Prof. Code 6086.7(b). The State Bar will investigate the appropriateness of initiating disciplinary action against an attorney for a reported matter. Cal. Bus. Prof. Code 6086.7(c).

*Discussion*

**I.  Mr. Bentson Is in Contempt**

Since Judge Adler's Order requiring Mr. Bentson to pay sanctions, Mr. Bentson has violated three court orders (*see* R&R at 3). First, Mr. Bentson failed to pay the ordered sanctions.

---

[1] Except sanctions for failure to make discovery or for monetary sanctions for less than one thousand dollars. Cal. Bus. Prof. Code 6086.7(a)(3).

1  (*See id.*)  Then, Mr. Bentson violated Judge Adler's September 17, 2007 Order by (1) failing to
2  appear to show cause why he should not be found in contempt and, (2) by failing to submit a
3  declaration explaining why he had not yet paid the sanctions.[2] (*Id.*)  Thus, even when Mr. Bentson
4  was given the opportunity to explain his violations of court orders and provide any reason why he
5  should not be found in contempt, Mr. Bentson did nothing.  (*See id.*)  In sum, Mr. Bentson has
6  wholly ignored all direction by Judge Adler, and has failed to explain his inaction when provided
7  the opportunity to do so.

8  Mr. Bentson's repeated failure to follow court orders constitutes a "clear and open willful
9  disregard for authority and dignity of court."  *See In re Grand Jury*, 45 F. Supp. 556 (D. Del. 1942).
10 There is no evidence that Mr. Bentson did not receive Judge Adler's Orders or that Mr. Bentson
11 was unaware of what the Orders required him to do.  Because Mr. Bentson has failed to appear
12 before the court and provide any explanation for the violations, it appears that Mr. Bentson has
13 simply chosen to ignore the orders and the authority of the court.

14 When imposing contempt sanctions, the Court should consider the character and magnitude
15 of the harm from continued contumacy, and the effectiveness of the sanction compelling the
16 desired result.  *See United States v. United Mine Workers,* 330 U.S. 258, 304 (1947).  Mr.
17 Bentson's noncompliance with court orders shows a complete disregard for court authority.  Due to
18 Mr. Bentson's noncompliance, Defendants remain uncompensated for the costs incurred for
19 attending the Conference.  Since Mr. Bentson has not argued, nor is there any reason for the Court
20 to believe that he lacks the financial resources to pay the sanctions, the $4422.00 judgment is an
21 appropriate amount to impose.

22 Accordingly, the Court **FINDS** Mr. Bentson in **CONTEMPT**  for violating three specific
23 and definite court orders: (1) the Order to Pay Sanctions to Defendants [doc. no. 71] by failing to
24 pay the sanctions, (2) the Order to Show Cause Re Why a Finding of Contempt Should Not be

---

[2] The Court notes that after the failure to properly appear at the Conference, Mr. Bentson violated orders to appear for telephonic Case Management Conferences on two occasions. [Doc. No. 67 at 2.] The subsequent violations were not at issue in the Defendant's request for sanctions.  Thus, while the subsequent violations are not dispositive for the finding of contempt for violating court orders that specifically arose from Mr. Bentson's failure to pay sanctions, the previous violations are further support of Mr. Benton's repeated disregard of court authority.

Recommended to the District Judge [doc. no. 77] by failing to appear at the hearing, and (3) the order to submit a declaration to Judge Adler [*id.* at 2].

## II. Judgment Based on Sanction Order

The Court **ENTERS** a new, separate judgment based on the sanctions order amount. *See* Fed. R. Civ. P. 58(b), 59(e). In addition, the Court **DIRECTS** the clerk to prepare, sign and enter judgment in favor of Defendants against Mr. Bentson in the amount of $4422.00. *See* Fed. R. Civ. P. 58(b)(1)(b).

## III. Report Sanctions and Finding of Contempt to State Bar

Mr. Bentson has repeatedly failed to comply with court orders, and has yet to provide any legal excuse, justification, or explanation for his inaction. Mr. Bentson's disregard of court orders is wholly inappropriate and unprofessional. Such disregard implicates attorney discipline, an important state interest. *See Canatella v. State of California*, 404 F.3d 1106, 1110 (9th Cir. 2005) (citation omitted). "States traditionally have exercised extensive control over the professional conduct of attorneys," as each state has "an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses." *Id.* (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982)). Since the State of California has an interest in maintaining the integrity of the legal profession and thus, the attorneys that it licenses, they should be aware of Mr. Bentson's behavior. Thus, the Court **REPORTS** (a) the finding of contempt and (b) the judgment against Mr. Bentson based on the sanctions order to the California State Bar. Mr. Bentson should be notified of such report.

## Conclusion

Accordingly, **IT IS HEREBY ORDERED** that the Court **ADOPT** the R&R, **GRANT** Defendants' Motion for Order Directing Issuance of Judgment against Mr. Bentson, **FIND** Mr.

///
///
///
///

1  Bentson in **CONTEMPT** of the Court and **ENTER JUDGMENT** for the Defendants against Mr.
2  Bentson in the amount of $4422.00.  In addition, the Court will **NOTIFY** the California State Bar
3  and Mr. Bentson of (a) the finding of contempt and (b) the judgment against Mr. Bentson based on
4  the sanctions order.

**IT IS SO ORDERED**.

DATED:  January 22, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Jan M. Adler
     All Counsel of Record